

RECEIVED

APR 2 5 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
AUSTIN DIVISION
2005 AP 29 PM 2: 21
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY: _____
            DEPUTY

CRISTY ESNARD AND STEPHEN            §
ESNARD, Individually, and on Behalf  §
of MEGHAN ESNARD, a minor child,     §
                                     §
        Plaintiffs,                  §
                                     §
v.                                   §    Civil Action No. A:03CA201SS
                                     §
MCNEIL CONSUMER & SPECIALTY          §
PHARMACEUTICALS, a Division of       §
MCNEIL-PPC, INC.; and JOHNSON &      §
JOHNSON,                             §
                                     §
        Defendants.                  §

## AGREED FINAL JUDGMENT PERTAINING TO CLAIMS ASSERTED AGAINST MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS AND JOHNSON & JOHNSON

This case came on for hearing on February 18, 2005. Plaintiffs Cristy Esnard and Stephen Esnard, Individually, and on Behalf of Meghan Esnard, a minor child, appeared in person and were represented by their counsel of record. Defendants McNeil Consumer & Specialty Pharmaceuticals, a Division of McNeil-PPC, Inc., and Johnson & Johnson (collectively, "Defendants") appeared by and through their attorney of record. William Coates, previously duly appointed by the Court as Guardian Ad Litem for Meghan Esnard, also appeared at the hearing.

The parties announced to the Court that all matters in controversy between them in this case have been resolved and compromised as reflected by the terms and conditions of the written Settlement Agreement, Confidentiality Agreement, Indemnity Agreement, and Release of All Claims ("Settlement Agreement"), and that judgment had been agreed to by the parties, subject to the Court's approval. The parties further announced to the Court that as part of the settlement

they have waived jury trial and have jointly requested the dismissal of this case with prejudice. The Court has heard the recommendations of the Guardian Ad Litem and has considered the pleadings, the Settlement Agreement, the evidence, and the representations and arguments of counsel and accordingly finds as follows:

1.     The parties have satisfactorily compromised and settled all matters and things in controversy between them, and the terms of their compromise and settlement have been reduced to writing and signed by the parties and their respective attorneys.  The original Settlement Agreement, dated February 18, 2005, has been presented to and reviewed by the Court.

2.     William Coates, the duly-appointed guardian ad litem, has received a reasonable amount of time to become familiar with the facts and the law concerning this case, and in fact has investigated and has become familiar with the facts and the law and has conferred with Plaintiffs and Plaintiffs' counsel.  After investigation, study, and deliberation, the Guardian Ad Litem has reported back to the Court that in his opinion, the settlement reached between the parties and the Settlement Agreement entered into by the parties is just, fair, equitable, reasonable, and in the best interest of Meghan Esnard and should therefore be approved.

3.     The Court further finds that William Coates, the guardian ad litem, has no interest adverse to Meghan Esnard; that he is not interested and shall not receive any part of the proceeds of this judgment; that he is not related to any of the parties by blood or marriage; that he is acting in the best interests of Meghan Esnard; and that he is entitled to and should be paid the reasonable fee of $4,500.00 for his services as guardian ad litem herein.  Such fee will be paid by Defendants.

4.     The Court finds that Cristy Esnard and Stephen Esnard have the authority to assert this claim as next friends of Meghan Esnard, and that they are the natural parents of Meghan Esnard.  The Court further finds that all the Plaintiffs are fully informed with respect to

the allegations of liability and the nature and extent of the alleged damages, and that they have agreed to fully compromise and settle all of their representative claims against Defendants as set forth in the Settlement Agreement between the parties.  The Court also finds that Plaintiffs Cristy Esnard and Stephen Esnard have never been the subject of a guardianship or been declared *non compos mentis,* and they are competent to enter into the Settlement Agreement in the capacities stated.

5.      The Court further finds that there are unsettled legal and factual issues relating to the issue of liability; that the alleged damages sustained by the Plaintiffs and Meghan Esnard are likewise disputed and are difficult to ascertain with any degree of certainty; that the settlement has been entered into for the purpose of avoiding future trouble and litigation expense and does not constitute an admission of liability, which Defendants have expressly denied; and that the settlement is fair, just, and equitable, and is in the best interest of the minor Plaintiff, Meghan Esnard.  The Court hereby specifically approves the acts and conduct of Cristy Esnard and Stephen Esnard in filing this suit as next friends of Meghan Esnard, and specifically approves the acts and conduct of the Guardian Ad Litem in compromising and settling this suit on behalf of the minor Plaintiff, Meghan Esnard.

6.      The Court further finds that all parties necessary and proper to the settlement of the claims and causes of action asserted herein are before the Court and the Court finds and holds that the Settlement Agreement is fair and reasonable, is in the best interests of all parties, including Meghan Esnard, and should be, in all things, approved.

7.      The Court further finds that the attorneys' fees agreed upon between Plaintiffs and their counsel of record are just, fair, and reasonable.

IT IS THEREFORE ORDERED as follows:

1.      The parties' settlement of this case as documented in the Settlement Agreement between them is in all things approved and made a part of the judgment of this Court. The total settlement amounts shall be paid as set forth in the Settlement Agreement.

2.      The Court is advised that the parties desire to keep the terms and amount of the settlement confidential, and the Settlement Agreement will not be filed of record or introduced into evidence. The Court specifically approves and adopts the Confidentiality Agreement as an order of the Court. The Court has read and signed as approved the Settlement Agreement, Confidentiality Agreement, Indemnity Agreement, and Release of All Claims.

3.      All of the Plaintiffs' claims and causes of action asserted in this case, including those claims asserted on behalf of the minor Meghan Esnard, are dismissed with prejudice, and the Defendants are fully, finally and forever discharged and released and absolved of any liability to Plaintiffs, including the minor, Meghan Esnard.

4.      The Guardian Ad Litem appointed by the Court to represent the interests of Meghan Esnard is awarded a fee in the amount of $4,500.00, said amount to be taxed as costs of court, of which 100% is to be paid by Defendants.

Each party shall bear their own costs. All other relief is hereby denied.

SIGNED this 29ᵗʰ day of _____April_____, 2005.

_____
THE HONORABLE JUDGE PRESIDING

AGREED AND APPROVED
AS TO FORM AND SUBSTANCE:

_____
James C. Barber, Attorney for Plaintiffs

_____
Michael R. Berry, Attorney for Defendants

_____
William Coates, Guardian Ad Litem
for Meghan Esnard, A Minor

**AGREED FINAL JUDGMENT PERTAINING TO CLAIMS
ASSERTED AGAINST MCNEIL CONSUMER & SPECIALTY
PHARMACEUTICALS AND JOHNSON & JOHNSON – Page 5**      040752 000098 DALLAS 1816993

AGREED AND APPROVED
AS TO FORM AND SUBSTANCE:


_____
James C. Barber, Attorney for Plaintiffs


_____
Michael R. Berry, Attorney for Defendants


_____
William Coates, Guardian Ad Litem
for Meghan Esnard, A Minor

.

AGREED FINAL JUDGMENT PERTAINING TO CLAIMS
ASSERTED AGAINST MCNEIL CONSUMER & SPECIALTY
PHARMACEUTICALS AND JOHNSON & JOHNSON -- Page 5    040752 000098 DALLAS 1816993.3

RECEIVED TIME APR. 15. 8:36AM                          TOTAL P.06